PEOPLE v MAJOR

Docket No. 50616. Submitted October 13, 1981, at Detroit.—Decided November 19, 1981.

James Major was convicted of second-degree murder, Detroit Recorder's Court, Henry Heading, J. He appeals, alleging that there was insufficient evidence of malice. *Held:*

The record reveals that sufficient evidence was presented during the trial to enable the trial court, as the trier of fact, to conclude that the defendant acted with malice. The trial court properly convicted the defendant of second-degree murder.

Affirmed.

1. HOMICIDE — INTENT.

A criminal defendant, to be convicted of murder, must be shown to have acted with an intent to kill or to inflict great bodily harm or with a wanton and willful disregard of the likelihood that the natural tendency of his behavior was to cause death or great bodily harm.

2. HOMICIDE — INTENT — MALICE — INFERENCES.

The issue of malice in a murder case must be determined by the trier of fact; malice or intent to kill may be inferred from the acts of the defendant, and intent to kill may be inferred where the defendant actually intended to inflict great bodily harm or the natural tendency of his behavior was to cause death or great bodily harm.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Janice M. Joyce,* Assistant Prosecuting Attorney, for the people.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 40 Am Jur 2d, Homicide §§ 10, 11, 42.
  Presumption of deliberation or premeditation from the circumstances attending the killing. 96 ALR2d 1435.
[2] 40 Am Jur 2d, Homicide §§ 50, 51, 472.

*Norman R. Robiner,* for defendant on appeal.

Before: N. J. KAUFMAN, P.J., and J. H. GILLIS and CYNAR, JJ.

PER CURIAM. Defendant was convicted in a bench trial of second-degree murder, MCL 750.317; MSA 28.549, and was sentenced to from 7-1/2 to 15 years in prison. He now appeals as of right.

Defendant argues that there was insufficient evidence of malice aforethought and that the court therefore erred in convicting him of second-degree murder. In *People v Aaron,* 409 Mich 672, 733; 299 NW2d 304 (1980), the Supreme Court, in abrogating the common-law felony-murder rule, stated:

> "We hold that in order to convict a defendant of murder, as that term is defined by Michigan case law, it must be shown that he acted with intent to kill or to inflict great bodily harm or with a wanton and willful disregard of the likelihood that the natural tendency of his behavior is to cause death or great bodily harm. We further hold that the issue of malice must always be submitted to the jury."

The charge against defendant arose out of a fistfight over rent money between defendant and the deceased, Frank Lawson. There was testimony that defendant, after taking money from Lawson, knocked him to the ground, rendering him unconscious, and then stepped with a twisting motion on Lawson's head as if putting out a cigarette. The trial judge found this specific testimony to be credible, stating, "I believe the witnesses' testimony that the man ran, and that the defendant pursued him, got him out of an automobile, and then knocked him to the ground again and put his foot on his head, and spun around his foot on his head. That is the testimony this court believes."

We believe that this evidence was sufficient to allow an inference that defendant acted with a wanton and willful disregard of the likelihood that the natural tendency of his behavior was to cause death or great bodily harm. The court, as trier of fact, readily could have concluded that malice existed. *Cf. People v Thomas,* 85 Mich App 618; 272 NW2d 157 (1978).

Defendant's conviction and sentence are affirmed.